**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BETH MCKELVIE,** | : | |
| **Plaintiff** | : | **No. 1:24-cv-01807** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **CEDAR CREST SQUARE** | : | |
| **ASSOCIATES, LP and CCS** | : | |
| **HOLDING CORP,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

The above-captioned action comes before the Court, sua sponte, based upon Plaintiff Beth McKelvie ("Plaintiff")'s failure to prosecute this case. For the reasons set forth below, the Court concludes that Plaintiff's failure to prosecute warrants dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

On October 21, 2024, Plaintiff filed a complaint against Defendants Cedar Crest Square Associates, LP and CCS Holding Corp (collectively, "Defendants") alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., and its implementing regulations. (Doc. No. 1.) The Clerk of Court issued a summons for service on Defendants on the same date (Doc. No. 2), and the Court's review of the docket reflects that both defendants were served on October 25, 2024 (Doc. No. 4). On January 12, 2026, the Court issued an Order (Doc. No. 5) noting that this action had been pending for over a year; the deadline to file a timely answer to the complaint in accordance with Federal Rule of Civil Procedure ("Rule") 12(a) had since passed on November 15, 2024; neither defendant had entered an appearance, filed a responsive pleading, or otherwise requested an extension of time to respond to the complaint; and Plaintiff had failed to seek a clerk's entry of default pursuant to Rule 55(a) despite her

indication to the Court's Courtroom Deputy on July 30, 2025 via email correspondence that she would be doing so shortly. Accordingly, the January 12, 2026 Order directed Plaintiff to show cause why her claims against Defendants should not be dismissed for failure to prosecute pursuant to Rule 41(b). (Id. at 2.) The Court's review of the docket reveals that Plaintiff failed to respond to the January 12, 2026 Order.[1]

## II. LEGAL STANDARD

Rule 41(b) allows for the dismissal of an action for failure of a plaintiff "to prosecute or to comply with these rules or a court order[.]" See Fed. R. Civ. P. 41(b). District courts have the inherent power to dismiss an action sua sponte for failure to prosecute. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); see also R&C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (stating that "[c]ourts possess inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and that "[t]his includes the authority to dismiss a case for lack of prosecution") (citation, internal citation, and internal quotation marks omitted).

When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must consider and balance the six (6) factors set forth by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative solutions; and (6) the meritoriousness of the claim or defense.

---

[1] The Court notes that Plaintiff has not communicated with the Court in any manner since July 30, 2025.

See id. at 868 (emphasis omitted). However, no single factor is dispositive, and not all of these factors must be satisfied in order for the Court to dismiss an action. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (stating that "we have also made it clear that 'not all of the Poulis factors need to be satisfied in order to dismiss a complaint'") (quoting Mindek, 964 F.2d at 1373).

## III. DISCUSSION

In accordance with the legal standard set forth above, the Court addresses each of the Poulis factors in turn below. Ultimately, the Court's assessment of those factors leads the Court to conclude that Plaintiff's lack of prosecution in this action warrants dismissal, with prejudice, of her claims against Defendants pursuant to Rule 41(b).

### A. Extent of the Party's Personal Responsibility

The first Poulis factor—extent of a party's personal responsibility—requires the Court to "evaluate[] whether a party or counsel are primarily responsible for the conduct at issue." See Johnson v. Walmart Stores E., LP, 772 F. Supp. 3d 551, 557 (D.N.J. 2025) (citing Poulis, 747 F.2d at 868). The Third Circuit "ha[s] increasingly emphasized visiting sanctions directly on the delinquent lawyer, rather than on a client who is not actually at fault." See Adams v. Trs. of New Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994) (citation omitted). However, "a client cannot always avoid the consequences of the acts or omissions of its counsel." See Poulis, 747 F.2d at 868. Here, because Plaintiff is represented by counsel, and it is not clear to what extent Plaintiff, as opposed to her counsel, is responsible for the failure to prosecute this action, the Court concludes that the first Poulis factor is neutral. See Kessler v. Intersystems, Inc., No. 22-cv-01648, 2022 WL 3229400, at *1 (E.D. Pa. Aug. 10, 2022)

(concluding that the "first Poulis factor weighs neutrally" where "there is no indication of whether counsel or [plaintiff] himself [was] responsible" for the failure to prosecute).

**B. Prejudice to the Adversary**

When examining the second Poulis factor—prejudice to the adversary—the Court must consider whether Plaintiff's failure to prosecute this case prejudices Defendants. "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Briscoe, 538 F.3d at 259 (citation and internal quotation marks omitted). Prejudice, however, "is not limited to irremediable or irreparable harm. It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." See id. (citations and internal quotation marks omitted). Here, the Court finds that Plaintiff's failure to prosecute this case or even communicate with the Court frustrates and delays Defendants' rights to a timely resolution of the case, thereby prejudicing them. See Harris v. Hoffman, No. 23-cv-00104, 2024 WL 5125113, at *2 (W.D. Pa. Nov. 18, 2024), report and recommendation adopted, 2024 WL 5119282 (W.D. Pa. Dec. 16, 2024). Accordingly, the Court concludes that the second Poulis factor weighs in favor of dismissal.

**C. History of Dilatoriness**

In examining the third Poulis factor—history of dilatoriness—the Court recognizes that "a history of dilatoriness" is generally demonstrated through "[e]xtensive or repeated delay or delinquency[.]" See Hildebrand v. Allegheny County, 923 F.3d 128, 135 (citation omitted); see also Briscoe, 538 F.3d at 261 (stating that conduct which "occurs one or two times is insufficient to demonstrate a history of dilatoriness") (citation and internal quotation marks omitted). Moreover, "[w]hile extensive delay may weigh in favor of dismissal, a party's problematic acts

must be evaluated in light of its behavior over the life of the case." See Hildebrand, 923 F.3d at 135 (citation and internal quotation marks omitted). Indeed, such delay can be mitigated by the time during which the party litigates the case responsibly. See id. (showing by way of example that, because the plaintiff in Adams "had litigated the case responsibly for ten years prior to the hiatus, the delay was somewhat mitigated and weighed toward, but did not mandate, dismissal") (citation, internal quotation marks, and alterations omitted). Because this case has remained stagnant at a very early procedural stage, and Plaintiff has failed for close to two years to take the simple step of seeking an entry of default from the Clerk of Court once Defendants failed to respond to the complaint, the Court concludes that the third Poulis factor weighs in favor of dismissal. See Seeley ex rel. Shepard v. Derr, No. 12-cv-00917, 2014 WL 1024861, at *3 (M.D. Pa. Mar. 14, 2014) (noting, inter alia, that the plaintiff "failed for years to take the simple step of pursuing a default judgment," and concluding that the third Poulis factor weighed in favor of dismissal).

**D. Willful or Bad Faith**

The Court next evaluates the fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith. "Generally, [w]illfulness involves intentional or self-serving behavior," not "conduct that is merely negligent or inadvertent." See Briscoe, 538 F.3d at 262 (internal quotation marks and citation omitted). The Court is unable to assess, given the circumstances of this case, whether the conduct at issue, be it attributable to the Plaintiff or her counsel, was willful rather than merely negligent or inadvertent. Accordingly, the Court will weigh the fourth Poulis factor neutrally. See Kessler, 2022 WL 3229400 at *2 (finding the fourth Poulis factor neutral because there "[w]as no explanation for [plaintiff's] dilatoriness," as the plaintiff had failed to respond to the court's Rule 4(m) show cause order).

**E. Effectiveness of Sanctions**

The fifth Poulis factor—the effectiveness of sanctions other than dismissal—requires the Court to consider whether alternative sanctions would likely prove effective in facilitating prosecution of the action, as "district courts should be reluctant to deprive a plaintiff of the right to have his claim adjudicated on the merits." See Hildebrand, 923 F.3d at 136 (quoting Adams 29 F.3d at 876). As the circumstances of this case "suggest[] that Plaintiff has abandoned h[er] claims," and there being "no plausible reason to believe that sanctions such as fines, costs, and attorneys' fees would spur Plaintiff to resume actively litigating this case," the Court concludes that the fifth Poulis factor weighs in favor of dismissal. See In re Metformin Mktg. & Sales Pracs. Litig., No. 20-cv-02324, 2023 WL 7000845, at *3 (D.N.J. Sept. 27, 2023), report and recommendation adopted, 2023 WL 7633159 (D.N.J. Nov. 13, 2023); Bumbarger v. Norfolk S. Ry. Co., No. 23-cv-00063, 2026 WL 20798, at *4 (W.D. Pa. Jan. 5, 2026) (finding "[i]t [] unlikely that any sanction imposing costs or fees upon [the] [p]laintiff would be effective" where "the case never moved past the initial filing," and concluding that "no alternative sanction [] would be appropriate other than dismissal").

**F. Meritoriousness of the Claim**

Lastly, regarding the sixth Poulis factor—meritoriousness of the claim—the Court observes that a claim is considered meritorious when the allegations in the complaint, if established at trial, would support recovery by the plaintiff. See Poulis, 747 F.2d at 869–70. As a result, in order to determine whether a party's claims are meritorious, courts use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim. See Briscoe, 538 F.3d at 263. Given the early procedural stage of this case and the lack of a response to the complaint by either of the defendants, it is difficult to determine whether Plaintiff's claims are meritorious.

Accordingly, the Court weighs the sixth Poulis factor neutrally. See Dumay-Mellon v. PanAmerican Consulting, LLC, No. 25-cv-15457, 2026 WL 1091228, at *3 (D.N.J. Apr. 22, 2026) ("Given the early stage of this case . . . this [c]ourt need not opine on the merits of [p]laintiff's claims. Instead, seeing no need to conduct a 'mini-trial' at this juncture, the [c]ourt deems th[e] [sixth] Poulis factor to be neutral."); Bumbarger, 2026 WL 20798 at *3 ("At the early stage of litigation ([c]omplaint only), it is difficult to determine whether the case is meritorious or even plausible. As such, th[e] [sixth Poulis] factor weighs neutral."); Kessler, 2022 WL 3229400 at *2 ("[Defendant] has not entered an appearance or otherwise defended itself against the claims alleged in [plaintiff]'s [c]omplaint . . . [a]ccordingly, there is no way of fairly adjudicating the merit value of these claims at this time").

## IV. CONCLUSION

For the foregoing reasons, and upon balancing all the Poulis factors, and noting that factors two, three, and five weigh in favor of dismissal, and that factors one, four, and six are neutral, the Court will dismiss with prejudice Plaintiff's claims against Defendants under Rule 41(b) of the Federal Rules of Civil Procedure based upon Plaintiff's failure to prosecute this action. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania